UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **CALLI PITZEN** | **CIVIL ACTION** |
| **VERSUS** | **NO. 23-641** |
| **DJUAN WOODS et al.** | **SECTION: "G"(5)** |

## ORDER AND REASONS

In this litigation, Plaintiff Calli Pitzen ("Plaintiff") alleges that she is entitled to damages for injuries sustained in two separate motor vehicle collisions.[1] Before the Court is Plaintiff's Motion to Remand.[2] Defendants Djuan Woods ("Woods"), Wright Transportation Inc. ("Wright Transportation"), and Third Coast Insurance Company ("Third Coast") (collectively, "Removing Defendants") oppose the motion.[3] Considering the motion, the memoranda in support and in opposition, the record, and the applicable law, the Court grants the motion and remands the matter to the 29th Judicial District Court for the Parish of St. Charles, State of Louisiana, for further proceedings.

## I. Background

Plaintiff originally filed suit against Removing Defendants in the 29th Judicial District Court for the Parish of St. Charles, State of Louisiana, on October 11, 2022, seeking damages for

---

[1] *See* Rec. Doc. 1-1.

[2] Rec. Doc. 6.

[3] Rec. Doc. 8.

1

injuries sustained in a motor vehicle accident on October 19, 2021.[4] Plaintiff alleges that Woods crashed into Plaintiff's vehicle with an 18-wheel tractor/trailer owned by Wright Transportation and insured by Third Coast (the "Woods Incident").[5] On November 15, 2022, Plaintiff filed an Amended Petition in which she reasserts her allegations against Removing Defendants and further alleges that, on October 27, 2021, Defendant Cheryl Gambino ("Gambino") crashed into Plaintiff's rental van with a vehicle insured by Defendant State Farm Mutual Automobile Insurance Company ("State Farm") (the "Gambino Incident").[6]

On February 20, 2023, Removing Defendants removed the case to this Court.[7] In the Notice of Removal, Removing Defendants allege that this Court has diversity jurisdiction pursuant to 28 U.S.C. § 1332 for three reasons.[8] First, Removing Defendants argue that Plaintiff's claims related to the Woods Incident are well in excess of $75,000 based on a $250,000 demand by Plaintiff on January 24, 2023.[9] Second, Removing Defendants argue that they are completely diverse from Plaintiff.[10] Third, Removing Defendants allege that Gambino and State Farm's (collectively, "Additional Defendants") citizenships should be disregarded because Plaintiff improperly joined them as defendants in this case "to defeat diversity jurisdiction."[11]

Removing Defendants aver that Plaintiff's claims against Additional Defendants are

---

[4] Rec. Doc. 1-1 at 3–6.

[5] *Id.* at 4.

[6] *Id.* at 17–21.

[7] Rec. Doc. 1.

[8] *Id.*

[9] *Id.* at 3–4; *see also* Rec. Doc. 1-2 at 4.

[10] Rec. Doc. 1 at 4–7.

[11] *Id.* at 6–9.

wholly unrelated to the Woods Incident and that Plaintiff named Gambino in the Amended Petition to destroy diversity jurisdiction because Gambino and Plaintiff are citizens of Louisiana.[12] On March 22, 2023, Plaintiff filed the instant Motion to Remand.[13] The motion was set for submission on April 19, 2023. Pursuant to Local Rule 7.5, any opposition to a motion must be filed eight days before the noticed submission date. Therefore, any opposition to the instant motion was due on April 11, 2023. On April 14, 2023, Removing Defendants filed an untimely opposition to Plaintiff's Motion to Remand.[14] However, the Court exercises its discretion and considers Removing Defendants' untimely opposition to the instant motion.

## II. Parties' Arguments

### A.   *Plaintiff's Arguments in Support of Motion to Remand*

In support of the Motion to Remand, Plaintiff offers two arguments.[15] First, Plaintiff alleges that Removing Defendants must establish either that Plaintiff improperly joined Additional Defendants or that Plaintiff lacks the ability to assert a cause of action against Additional Defendants in state court.[16] Specifically, Plaintiff avers that Removing Defendants bear the burden of proving that Plaintiff has failed to state a claim against all non-diverse Defendants.[17] Plaintiff

---

[12] *Id.* at 7–9.

[13] Rec. Doc. 6.

[14] Rec. Doc. 8.

[15] *See* Rec. Doc. 6-1.

[16] *Id.* at 3 (citing *Smallwood v. Ill. Cent. R.R. Co., Inc.*, 385 F.3d 568, 573–74 (5th Cir. 2004)).

[17] *Id.*

asserts that Removing Defendants fail to meet this burden because they do not establish Plaintiff's inability to recover against Additional Defendants.[18]

Second, Plaintiff alleges that the claims asserted against Removing Defendants and Additional Defendants "reflect the same factual or legal issues," and therefore are substantially similar to form a "community of interest."[19] Because of this substantial similarity, Plaintiff argues that there exists a factual overlap between the cases to justify joinder, and "this Court cannot conclude there is no reasonable basis for [Plaintiff's] claims against [Additional Defendants]."[20] Therefore, Plaintiff concludes that this lawsuit should be remanded.[21]

B. *Removing Defendants' Arguments in Opposition to Motion to Remand*

In opposition to the instant motion, Removing Defendants argue that Plaintiff cannot establish a cause of action against the non-diverse party, Gambino, and so Gambino's citizenship should be disregarded on the basis of the improper joinder.[22] Removing Defendants assert that, as alleged in the Amended Petition, Plaintiff rear-ended Gambino's vehicle, "was issued a traffic citation by the investigating police officer and therefore deemed to be at fault in [the Gambino Incident]."[23] Removing Defendants contend that Plaintiff suffered no injuries "related to" the Gambino Incident, and even if she did suffer injuries, "under Louisiana law there is no solidary liability between alleged tortfeasors in two separate accidents."[24] Removing Defendants further

---

[18] *Id.*

[19] *Id.* at 4.

[20] *Id.*

[21] *Id.*

[22] Rec. Doc. 8 at 4.

[23] *Id.* at 6 (citing Rec. Doc. 8-3).

[24] *Id.* (citing *Jarreau v. Hirschey*, 657 So. 2d 1189, 1194 (La. App. 1 Cir. 1994); *Hess v. Sports Publ'g Co.*,

4

contend that, in a written settlement demand sent to them on January 24, 2023, Plaintiff's counsel admits that Plaintiff did not sustain any injuries in the Gambino Incident.[25] Thus, Removing Defendants conclude that "Plaintiff has effectively declared she sustained no viable personal injury damages as a result of the [Gambino Incident] yet filed suit against Gambino and . . . State Farm."[26]

Removing Defendants further argue that the Notice of Removal properly establishes diversity jurisdiction by alleging: (1) an amount in controversy greater than $75,000; (2) the diversity of citizenship between Plaintiff and Removing Defendants; and (3) "the inability of Plaintiff to establish a viable cause of action against [Additional Defendants]."[27] Removing Defendants aver that the claims against Additional Defendants "clearly do not involve the same factual and legal issues, nor are the alleged theories of negligence against each defendant 'substantially similar.'"[28] Thus, Removing Defendants conclude that the Motion to Remand should be denied.[29]

### III. Legal Standards

*A.    Removal Based on Diversity Jurisdiction*

28 U.S.C. § 1332 provides that federal courts have original subject matter jurisdiction in cases "where the matter in controversy exceeds the sum or value of $75,000" and the dispute is "between citizens of different states."[30] To remove a case on diversity grounds, "the diverse

---

520 So. 2d 472, 474 (La. App. 4 Cir. 1988)).

[25] *Id*. (citing Rec. Doc. 8-4).

[26] *Id*. at 6–7.

[27] *Id*. at 7

[28] *Id*. 7–8.

[29] *Id*. at 8.

[30] 28 U.S.C. § 1332(a)(1).

defendant must demonstrate that all of the prerequisites of diversity jurisdiction contained in 28 U.S.C. § 1332 are satisfied."[31] Normally, removal based upon diversity of citizenship is proper only "if there is complete diversity between all named plaintiffs and all named defendants, and no defendant is a citizen of the forum State."[32] A defendant may remove a state civil court action to federal court if the federal court has original jurisdiction over the action.[33] Remand to state court is appropriate if the federal court lacks subject matter jurisdiction.[34] A federal court has subject matter jurisdiction over an action pursuant to 28 U.S.C. § 1332 "where the matter in controversy exceeds the sum or value of $75,000" and the action "is between citizens of different states."[35] Any "doubts regarding whether removal jurisdiction is proper should be resolved against federal jurisdiction."[36]

### B. *Improper or "Fraudulent"* [37] *Joinder*

In this case, the parties do not dispute that Gambino is a citizen of Louisiana, and that her presence in this suit destroys diversity. Despite the presence of non-diverse defendants in this lawsuit, Removing Defendants argue that removal is proper because Plaintiff improperly joined Gambino in order to avoid federal jurisdiction.

---

[31] *Smallwood.*, 385 F.3d at 572.

[32] *Lincoln Prop. Co. v. Roche*, 546 U.S. 81, 84, 126 S. Ct. 606, 163 L. Ed. 2d 415 (2005).

[33] 28 U.S.C. § 1441(a); *Syngenta Crop Prot., Inc. v. Henson*, 537 U.S. 28, 34 (2002).

[34] *Acuna v. Brown & Root Inc.*, 200 F.3d 335, 339 (5th Cir. 2000) (citing *Willy v. Coastal Corp.*, 855 F.2d 1160, 1164 (5th Cir. 1988)).

[35] 28 U.S.C. § 1332(a)(1).

[36] *Vantage Drilling Co. v. Hsin-Chi Su*, 741 F.3d 535, 537 (5th Cir. 2014) (internal citation omitted).

[37] *Smallwood*, 385 F.3d at 571 n.1 ("We adopt the term 'improper joinder' as being more consistent with the statutory language than the term 'fraudulent joinder,' which has been used in the past. Although there is no substantive difference between the two terms, 'improper joinder' is preferred.")

6

"The fraudulent joinder doctrine ensures that the presence of an improperly joined, non-diverse defendant does not defeat federal removal jurisdiction premised on diversity."[38] The party asserting improper joinder "bears a heavy burden of proving that joinder of the in-state party was improper."[39] The Fifth Circuit has long recognized two methods of improper joinder: (1) actual fraud in the pleading of jurisdictional facts, and (2) the inability of the plaintiffs to plead a cause of action against the non-diverse defendants in state court.[40] In this case, Removing Defendants allege that Gambino was improperly joined because Plaintiff cannot plead a cause of action against her.

In *Smallwood v. Illinois Central Railroad Company*, the Fifth Circuit stated that "the test for fraudulent joinder is whether the defendant has demonstrated that there is no possibility of recovery by the plaintiff against an in-state defendant, which, stated differently, means that there is no reasonable basis for the district court to predict that the plaintiff might be able to recover against an in-state defendant."[41] District courts may assess whether a plaintiff has "a reasonable basis of recovery under state law" in either of two ways.[42] First, "[t]he court may conduct a Rule 12(b)(6)-type analysis, looking initially at the allegations of the complaint to determine whether the complaint states a claim under state law against the in-state defendant."[43] Second, in rare cases, if "a plaintiff has stated a claim, but has misstated or omitted discrete facts that would determine

---

[38] *Borden v. Allstate Ins. Co.*, 589 F.3d 168, 171 (5th Cir. 2009) (internal citations omitted).

[39] *Smallwood.*, 385 F.3d at 574.

[40] *Crockett v. R.J. Reynolds Tobacco Co.*, 436 F.3d 529, 532 (5th Cir. 2006) (internal citations omitted).

[41] *Smallwood*, 385 F.3d at 573.

[42] *Id.*

[43] *Id.*

the propriety of joinder" the district court "may, in its discretion, pierce the pleadings and conduct a summary inquiry."[44]

If a court decides to "pierce the pleadings" when assessing a claim of improper joinder, it may "consider summary-judgment-type evidence in the record, but must also take into account all unchallenged factual allegations, including those alleged in the complaint, in the light most favorable to the plaintiff," and resolve "[a]ny contested issues of fact and any ambiguities of state law" in the plaintiff's favor.[45] However, a court does not assess "whether the plaintiff will actually or even probably prevail on the merits of the claim," but only determines whether there is "a possibility that the plaintiff might do so."[46] In other words, where courts choose to pierce the pleadings, the party asserting improper joinder must provide evidence that "negate[s] the possibility" that the non-diverse party may be held liable.[47]

The Fifth Circuit has stated that district courts should look at summary-judgment-type evidence at this stage of the proceedings only in those cases, "hopefully few in number, in which a plaintiff has stated a claim, but has misstated or omitted discrete facts that would determine the propriety of joinder."[48] Even in such cases, the district court's decision to pierce the pleadings and conduct a summary inquiry is within in its discretion.[49]

---

[44] *Id.*

[45] *Travis v. Irby*, 326 F.3d 644, 648–49 (5th Cir. 2003).

[46] *Guillory v. PPG Indus., Inc.*, 434 F.3d 303, 308–09 (5th Cir. 2005).

[47] *Travis*, 326 F.3d at 650.

[48] *Smallwood*, 385 F.3d at 573.

[49] *Id.*

### IV. Analysis

Plaintiff argues that remand is appropriate because Removing Defendants cannot meet their heavy burden of establishing that Additional Defendants were improperly joined. Removing Defendants do not contest that the parties in this case lack complete diversity given that Plaintiff and Gambino are Louisiana citizens. However, Removing Defendants assert that the Court has diversity jurisdiction over this matter because Plaintiff cannot state a claim against Gambino. Therefore, Removing Defendants assert that Gambino's citizenship must be disregarded for diversity purposes as an improperly joined party. The Fifth Circuit has long recognized two methods of improper joinder: (1) actual fraud in the pleading of jurisdictional facts, and (2) the inability of the plaintiffs to plead a cause of action against the non-diverse defendants in state court.[50] In this case, Removing Defendants explicitly allege improper joinder under only the second method by arguing that Plaintiff fails to plead a cause of action against Gambino.

Accordingly, the Court shall "conduct a Rule 12(b)(6)-type analysis" by looking initially at the allegations in the Amended Petition to determine whether Plaintiff states a claim against Gambino under Louisiana law.[51] In the Amended Petition, Plaintiff alleges that she was "on Ormond Boulevard in St. Charles Parish" when Gambino's vehicle "suddenly and without warning slammed on her brakes and stopped suddenly, causing [Plaintiff], who was driving a rental van she was not used to, to strike her vehicle."[52] Plaintiff further alleges that the collision "was the sole fault of [] Gambino" and that, as result, Plaintiff "suffered significant bodily injuries, including but not limited to head, neck, and back injuries requiring medical treatment and therapy, as well

---

[50] *Crockett*, 436 F.3d at 532 (internal citations omitted).

[51] *Id.*

[52] Rec. Doc. 1-1 at 18.

as mental pain and anguish."[53] Finally, Plaintiff alleges that Gambino "slamm[ed] on her breaks and stopp[ed] short when there was no emergency situation in front of her."[54]

The burden on Removing Defendants to establish improper joinder is high—they must show that there is "no reasonable basis for the district court to predict that the plaintiff might be able to recover against an in-state defendant."[55] Taking the allegations above as true, the Court cannot say that there is no reasonable basis for Plaintiff to recover against Gambino in a negligence cause of action under Louisiana law.[56]

However, although Plaintiff has stated a claim against Gambino, Removing Defendants ask the Court to pierce the pleadings and consider Plaintiff's January 24, 2023 settlement demand letter and a police report regarding the Gambino Incident. The Court "may, in its discretion, pierce the pleadings and conduct a summary inquiry" if Plaintiff has "misstated or omitted discrete facts necessary to determine the propriety of joinder."[57]

Even if the Court were to exercise its discretion to pierce the pleadings, the summary-judgment-type evidence cited by Removing Defendants fails to establish that there is no possibility Plaintiff could recover against Gambino. As to the police report of the Gambino Incident, Removing Defendants argue that the investigating officer issued Plaintiff a citation, thus deeming Plaintiff to be at fault.[58] However, courts have consistently held that "a traffic citation is only

---

[53] *Id*. at 18–19.

[54] *Id*. at 19.

[55] *Smallwood*, 385 F.3d at 573.

[56] "To establish a cause of action for tort in Louisiana, a plaintiff must show (1) a duty; (2) breach of that duty; (3) cause in fact; and (4) actual damages." *Warren v. Geller*, 924 F.Supp.2d 713, 725 (E.D. La. 2013) (Brown, J.). The Court finds that the allegations against Gambino in the Amended Petition plausibly state these elements.

[57] *Smallwood*, 385 F.3d at 573.

[58] Rec. Doc. 8 at 6 (citing Rec. Doc. 8-3).

10

admissible if the defendant pled guilty to the citation."[59] Removing Defendants provide no evidence that Plaintiff pled guilty to the citation. Regardless, the mere payment of a traffic citation does not constitute an admission of fault.[60] Accordingly, the police report does not establish that Plaintiff has no possibility of recovery against Gambino.

Removing Defendants also argue that Plaintiff's statement in the demand letter that she sustained no physical injuries in the Gambino Incident constitutes an admission that Plaintiff sustained no cognizable damage from the collision.[61] In the demand letter, Plaintiff's counsel admits that Plaintiff did not suffer any physical injuries from the Gambino Incident, but alleges that she suffered mental anguish, leading to suicidal thoughts and a brief hospitalization.[62] Pursuant to Louisiana Civil Code article 2315, a tortfeasor is liable to the tort victim for all damages he or she has caused, including mental pain, suffering, and loss of enjoyment of life.[63] Accordingly, the demand letter does not foreclose the possibility that Plaintiff can recover damages against Gambino for her mental anguish. Therefore, Removing Defendants have failed to meet their burden to show improper joinder based on Plaintiff's failure to state a claim against Gambino.

Finally, to the extent Removing Defendants argue that Gambino's citizenship should be disregarded because the Woods Incident and Gambino Incident were separate and unrelated accidents, the Fifth Circuit has foreclosed this line of reasoning. Although some courts allow

---

[59] *Meyer v. Jencks*, 513 F.Supp.3d 706, 708 (E.D. La. 2021) (quoting *Robert v. Maurice,* No. 18-11632, 2020 WL 4043097, at *6 (E.D. La. July 17, 2020); *Bergeron v. Great W. Cas. Co.*, No. 14-13, 2015 WL 3505091, at *4 (E.D. La. June 3, 2015)).

[60] *See id.* (quoting *Bergeron*, No. 14-13. 2015 WL 3505091, at *4).

[61] Rec. Doc. 8 at 6–7.

[62] Rec. Doc. 8-4 at 1–2.

[63] *See* La. Civ. Code art. 2315 ("Every act whatever of man that causes damage to another obliges him by whose fault it happened to repair it"); *McGee v. A C And S, Inc.*, 2005-1036 (La. 7/10/06), 933 So. 2d 770, 773.

removal under such circumstances based on the doctrine of fraudulent misjoinder, in *Williams v. Homeland Insurance Company of New York*, the Fifth Circuit declined to adopt fraudulent misjoinder as a basis for ignoring the citizenship of a non-diverse party for diversity jurisdiction purposes.[64] As the Fifth Circuit explained, a defendant must "move to sever [] claims on misjoinder grounds before removal, and either the state court grants the motion and the case becomes removable or it denies the motion and the case remains non-removable."[65] Accordingly, Removing Defendants fail to establish any basis for disregarding Gambino's citizenship. Therefore, the parties to this matter are not completely diverse and the Court must remand this matter to the 29th Judicial District Court for the Parish of St. Charles, State of Louisiana for further proceedings.

## V. Conclusion

Considering the foregoing reasons, Removing Defendants have failed to establish that Plaintiff's naming of Gambino in the Amended Petition constitutes improper joinder such that the Court must disregard Gambino's citizenship for diversity purposes. Therefore, because the parties are not completely diverse, and Removing Defendants assert diversity as the sole basis for subject matter jurisdiction, the Court must grant the instant motion.

Accordingly,

---

[64] 18 F.4th 806, 816–17 (5th Cir. 2021) ("[W]e will not usurp a state court's ability decide whether parties have been misjoined under a state court's own procedural rules.").

[65] *Id*. at 817.

**IT IS HEREBY ORDERED** that Plaintiff Calli Pitzen's Motion to Remand[66] is **GRANTED**.

**IT IS FURTHER ORDERED** that the case is hereby remanded to the 29th Judicial District Court for the Parish of St. Charles, State of Louisiana for further proceedings.

**NEW ORLEANS, LOUISIANA,** this  3rd  day of May, 2023.

_____
**NANNETTE JOLIVETTE BROWN
CHIEF JUDGE
UNITED STATES DISTRICT COURT**

---

[66] Rec. Doc. 6.